# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| KARLA WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:17-cv-01280-JEO |
| | ) |
| NANCY BERRYHILL, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Karla Wilson brings this action pursuant to 42 U.S.C. § 405(g), seeking review of the final decision of the Acting Commissioner of Social Security ("Commissioner") denying her Disability Insurance Benefits ("DIB"). (Doc. 1).[1] The case has been assigned to the undersigned United States Magistrate Judge pursuant to this court's general order of reference. The parties have consented to the jurisdiction of this court for disposition of the matter. *See* 28 U.S.C. § 636(c), FED. R. CIV. P. 73(a). Upon review of the record and the relevant law, the undersigned finds that the Commissioner's decision is due to be affirmed.

## I. PROCEDURAL HISTORY

Plaintiff filed her application for DIB in December 2013, alleging disability

---

[1] References herein to "Doc(s). __" are to the document numbers assigned by the Clerk of the Court to the pleadings, motions, and other materials in the court file, as reflected on the docket sheet in the court's Case Management/Electronic Case Files (CM/ECF) system.

beginning July 2, 2012. It was initially denied by an administrative law judge ("ALJ"). The Appeals Council ("AC") denied Plaintiff's request for review. (R. 1).[2]

## II. FACTS

Plaintiff was 47 years old at the time of the ALJ's decision. (R. 39). She has completed the sixth grade. She previously worked as a mail carrier, appointment clerk, medical record clerk, and cashier. (R. 23, 191). She alleges disability due to chronic back and leg pain as well as major anxiety and depression. (R. 84).

Following Plaintiff's hearing, the ALJ found that she had the medically determinable severe impairments of migraine headaches; cervical disc degeneration; anxiety disorder, not otherwise specified ("NOS"); and depression, NOS. (R. 15). He also found that Plaintiff did not have an impairment or combination of impairments that met or equaled the severity of a listed impairment. (R. 16). He further found that Plaintiff had the residual functional capacity ("RFC") to perform light work with limitations. (R. 15). He determined that Plaintiff could not perform her past relevant work but could perform the

---

[2]References herein to "R. __" are to the administrative record found at Docs. 7-1 through 7-12 in the court's record.

requirements of representative occupations such as Marker, Router, or Electrical assembler. (R. 23-24). The ALJ concluded that Plaintiff was not disabled. (R. 24).

## III.  STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of the court is to determine whether the Commissioner's decision is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 91 S. Ct. 1420, 1422 (1971); *Mitchell v. Comm'r Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2015; *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.*

The court must uphold factual findings that are supported by substantial evidence. However, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If

the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. *See Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991). The court must affirm the ALJ's decision if substantial evidence supports it, even if other evidence preponderates against the Commissioner's findings. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir.1990)).

## IV. STATUTORY AND REGULATORY FRAMEWORK

To qualify for benefits a claimant must show the inability to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

Determination of disability under the Social Security Act requires a five step analysis. 20 C.F.R. § 416.920(a)(4). Specifically, the Commissioner must

determine in sequence:

> whether the claimant: (1) is unable to engage in substantial gainful activity; (2) has a severe medically determinable physical or mental impairment; (3) has such an impairment that meets or equals a Listing and meets the duration requirements; (4) can perform his past relevant work, in light of his residual functional capacity; and (5) can make an adjustment to other work, in light of his residual functional capacity, age, education, and work experience.

*Evans v. Comm'r of Soc. Sec.*, 551 F. App'x 521, 524 (11th Cir. 2014).3 The plaintiff bears the burden of proving that he was disabled within the meaning of the Social Security Act. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005); *see also* 20 C.F.R. § 404.704. The applicable "regulations place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Id*.

## V. DISCUSSION

Plaintiff asserts that the ALJ erred in that he (1) failed to properly evaluate the credibility of the Plaintiff's complaints of pain consistent with the Eleventh Circuit Pain Standard and (2) failed to properly weigh the opinions of the Plaintiff's treating physician, Dr. Bryan McClelland. (Doc. 9 at 4, 10). As part of this appeal, Plaintiff argues that the ALJ failed to articulate reasons or show good

---

3Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

cause for each decision. (*Id.*) The Commissioner argues that the ALJ properly evaluated Plaintiff's complaints of disabling symptoms and the treating physician's opinions and that substantial evidence supports his conclusion that Plaintiff is not disabled. (Doc. 10 at 1).

### A. Plaintiff's Complaints of Pain

As noted above, Plaintiff bears the burden of proving that she is disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 419.912(a) & (c); *Moore,* 405 F.3d at 1211; *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). Specifically, Plaintiff must provide evidence of an underlying medical condition and either objective medical evidence confirming the severity of the alleged symptoms or that the medical condition could be reasonably expected to give rise to the alleged symptoms. *See* 20 C.F.R. § 419.929; *Dyer v. Barnhart*, 359 F.3d 1206, 1210 (11th Cir. 2005); *Wilson*, 284 F.3d at 1225-26; *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991). In analyzing the evidence, the focus is on how an impairment affects Plaintiff's ability to work, and not on the impairment itself. *See* 20 C.F.R. § 416.929(c)(1); *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986) (severity of impairments must be measured in terms of their effect on the ability to work, not from purely medical standards of bodily perfection or normality).

6

In addressing Plaintiff's subjective description of pain and symptoms, the law is clear:

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain. *See Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so. *See Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987). Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true. *See Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

*Wilson*, 284 F.3d at 1225; *see also* 20 C.F.R. §§ 404.1529, 416.929. In determining whether substantial evidence supports an ALJ's credibility determination, "[t]he question is not . . . whether the ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011).

When evaluating a claimant's statements regarding the intensity, persistence, or limiting effects of her symptoms, the ALJ considers all the evidence – objective and subjective. *See* 20 C.F.R. § 416.929(c)(2). A plaintiff cannot simply allege disabling symptoms. *See* 20 C.F.R. § 416.929(a) ("statements about your pain and

7

other symptoms will not alone establish that you are disabled"). The ALJ may consider the nature of a claimant's symptoms, the effectiveness of medication, a claimant's method of treatment, a claimant's activities, measures a claimant takes to relieve symptoms, and any conflicts between a claimant's statements and the rest of the evidence. *See* 20 C.F.R. § 416.929(c)(3), (4). The ALJ is not required explicitly to conduct a symptom analysis, but the reasons for his or her findings must be clear enough that they are obvious to a reviewing court. *See Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Id.* (citation omitted).

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to produce her alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects were not credible to the extent they conflicted with her RFC for a modified range of light work. (R. 19). The court agrees and the record supports this conclusion.

With regard to Plaintiff's migraines, she testified at her hearing that she had them for over a year and that she had one at least two to three times a month. (R. 65-66). However, Dr. McClelland noted at Plaintiff's most recent appointment in December 2015 that her migraines were stable. (R. 637). This is consistent with

8

Plaintiff's March 2015 appointment during which she stated that her headaches were much better and she had not experienced one for "probably six weeks."[4] (R. 586). Thus, the ALJ's finding that her migraines were under control (R. 19) is supported by the record.

With regard to her back impairments, the evidence establishes that Plaintiff complained of back and leg pain in January 2013. (R. 275). She reported sharp pain between her shoulder blades on February 22, 2013. (R. 274). Radiographs taken on February 26, 2013, evidenced normal findings in her cervical spine. (R. 329). August 7, 2013 MRIs of Plaintiff's cervical and thoracic spine showed mild degenerative changes. (R. 320, 518). A May 18, 2014 CT scan of her cervical spine and a July 15, 2014 MRI of Plaintiff's lumbar spine evidenced no significant abnormality. (R. 501, 507). Plaintiff underwent two cervical epidurals on August 13, 2013 and May 13, 2014. (R. 248, 406, 517). After the second injection, Plaintiff came back to Dr. McClelland for back pain and he continued to treat her with prescription medication. (R. 533). Medical records concerning Plaintiff's complaints from October 2015 state that her back pain was increasingly disabling to her. (R. 619). However, at Plaintiff's December 2, 2015 visit, Dr. McClelland

---

[4] Plaintiff reported a severe migraine during middle January 2015 on January 26, 2015. (R. 591).

noted that there was no need for surgical intervention and that her straight leg raise test was within normal limits. (R. 637).

Plaintiff testified at her hearing that she had chronic neck and back pain, which caused her to have to lie down three to four hours a day and that the pain worsens when she is active. (R. 46, 55). The ALJ found that nothing in the record indicated that Plaintiff's pain or other symptoms would result in absences from work four days a month. (R. 19). The ALJ also noted that at Plaintiff's hearing, she had no issue with gait entering or leaving the hearing and that she went to and rose from her chair in an easy, fluid movement. (R. 19). Thus, the ALJ's statement that "[t]he modest findings and conservative treatment … suggest that [Plaintiff's] pain is not as severe as alleged," is supported by the record. (R. 20). Plaintiff has not adequately challenged this finding.

Plaintiff further alleges that the ALJ erred in determining that her mental impairments were not as severe as alleged. (Doc. 9 at 8). Dr. McClellan diagnosed Plaintiff with depression and anxiety in about January 2015. (R. 621). Upon referral from Dr. McClellan, Plaintiff went to see Dr. Gayle Vance on July 8, 2015, and was diagnosed with Dystymia and Anxiety Disorder, not otherwise specified. (R. 613-616). However, Plaintiff did not return to counseling after this date and continued only seeing Dr. McClelland. On her December 2, 2015 visit,

Dr. McClelland noted that although she was fixated on her neck and low back pain, her current primary problem was her posttraumatic stress disorder with depression, anxiety, panic, and social phobia. (R.637).

The ALJ noted in his decision that Dr. McClelland stated in his October 2015 progress notes that although his office made appointments for Plaintiff to see a counselor for her mental health issues, she never followed up on the referrals. (R. 19 (citing R. 620)). After reviewing the record, the court finds, as just noted, that Dr. McClelland's statement is not totally accurate. Plaintiff did see Dr. Vance once on July 8, 2015. (R. 613-17). The record does not show any prior or subsequent interaction with Dr. Vance.

Additionally, on March 24, 2014, Plaintiff had a psychological evaluation by Dr. Sharon D. Waltz. She noted Plaintiff's "ability to understand, to carry out and to remember instructions and to respond appropriately to supervision, co-workers and work pressures in a work setting, despite her impairments is fair with appropriate tasks and treatment." (R. 399). The ALJ gave this opinion great weight because it was formed by a psychologist after a thorough examination and is consistent with the clinical and objective medical evidence in the record. (R. 21). The ALJ also gave substantial weight to the opinion given by state agency medical consultant Dr. Robert Estock, who determined Plaintiff "would be

expected to understand, remember, and carry out short simple instructions and tasks but would likely have difficulty with more detailed tasks and instructions." (R. 95). Dr. Estock also concluded that Plaintiff would have maximum concentration in a well-spaced work environment and that she would "likely miss 1-2 days/month due to psych symptoms." (R. 96). The ALJ gave great weight to this opinion because it was consistent with the majority of the record, psychiatry is Dr. Estock's specialty, and he has programmatic knowledge in the relevant area. (R. 22).

The question for this court is whether the ALJ adequately has explained his reasoning and whether it is supported by substantial evidence. *See Dyer v. Barnhart*, 395 F.3d 1206, 1212 (11th Cir. 2005). Plaintiff argues that the ALJ's interpretation of the medical evidence was not supported by substantial evidence and the ALJ did not properly consider her longitudinal treatment history which documents her consistent complaints of and treatment for her pain. (Doc. 9 at 6). The court does not agree.

The ALJ adequately explained his reasons for finding that Plaintiff's testimony regarding her pain and limitations was only partially credible, and his reasoning is supported by the record. It shows (1) that Plaintiff's migraines had become stable; (2) the cervical degeneration in her spine was mild, she did not

need surgery; (3) her straight leg raise test was within normal limits; and (4) her mental limitations were mild to moderate. (R. 19, 95, 320, 637). Additionally, Plaintiff's reported daily activities support the ALJ's determination. Plaintiff reported that she takes care of pets, is able to vacuum, dust, do laundry, grocery shop and cook on a daily basis. (R. 17, 201-05). Finally, there is no medical evidence that Plaintiff is disabled or has limitations in excess of the RFC determined by the ALJ. (R. 19).

### B. Medical Opinion of Dr. McClelland

Plaintiff next argues that the ALJ failed to properly articulate good cause for according less weight to the opinions of Dr. McClelland, as Plaintiff's treating physician, in finding Plaintiff was not disabled. (Doc. 9 at 10). Plaintiff has been seeing Dr. McClelland at Alabama Family Medicine for pain management since about 2005. (*Id*. at 13; R. 389). On December 5, 2013, Dr. McClelland wrote on a prescription that Plaintiff is totally and permanently disabled with (1) cervical spinal stenosis, (2) sciatica and chronic back pain, (3) knee and ankle osteoarthritis, (4) chronic plantar fasciitis, and (5) major depression. (R. 630 & 632). On October 20, 2015, Dr. McClelland completed a Physical Capacity Evaluation ("PCE") regarding Plaintiff's ability to do work related activates. He stated she could do the following during an 8-hour workday: sit for a total of 6 hours; stand

for a total of 1 hour and walk up to 1 hour. (R. 627).

The ALJ gave these opinions little weight because they were inconsistent with evidence in the record including Dr. McClelland's treatment notes. The ALJ stated that at Plaintiff's December 2, 2015 examination, her straight leg raise test was within normal limits and Dr. McClelland found a full range of motion in her back. (R. 21, 637). Dr. McClelland also stated that "although [Plaintiff] is fixed on her chronic neck and low back pain, currently her primary problem is her posttraumatic stress disorder with depression, anxiety…" (*Id.*) The ALJ further stated that the December 5, 2013 statement that Plaintiff is "permanently disabled" can only be given little weight because it is an issue reserved to the commissioner. (R. 22). The ALJ concludes that "Dr. McClelland's statement indicating the claimant is permanently disabled is not a medical opinion, but rather an administrative finding dispositive of a case. These issues are reserved to the Commissioner, and as such are not entitled to any specific weight." (R. 22 citing 20 CFR 404.1527(e)(1)(3) and 416.927(e)(1)(3)).

A treating physician's opinion "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir.1997). The Eleventh Circuit Court of Appeals has stated that "good cause" exists when the: (1) treating physician's opinion was not bolstered by

the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004). In rejecting a medical opinion, the ALJ must clearly articulate his or her reasons for doing so. *Id*.

After reviewing the record, the court finds that it does not support Dr. McClelland's opinions regarding Plaintiff's very limited abilities during a workday or the conclusion that Plaintiff is "totally and completely disabled." As noted above, Plaintiff's MRIs only show mild spinal degenerative changes; her straight leg raise test was within normal limits; Dr. McClelland did not see a need for surgical intervention; and Dr. McClelland found that there was a full range of motion in Plaintiff's back at her December 2, 2015 examination. Additionally, the court finds that the ALJ correctly determined that Plaintiff reported in her Function Report that she takes care of pets, is able to vacuum, dust, do laundry, grocery shop and cook on a daily basis. (R. 17, 201-05).

To the extent Dr. McClelland states in December 2013 that Plaintiff is "disabled," the court finds this conclusion is not entitled to any weight because it is a decision reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(d)( Medical source opinions on issues reserved to the Commissioner); *Bell v. Bowen*, 796 F.2d

15

1350, 1353-54 (11th Cir. 1986) ("although a claimant's physician may state he is 'disabled' or 'unable to work' the agency will nevertheless determine disability based upon the medical findings and other evidence"); *see also Lewis*, 125 F.3d at 1440 ("we note that we are concerned here with the doctors' evaluations of Lewis's condition and the medical consequences thereof, not their opinions of the legal consequences of his condition.") and 20 C.F.R. § 404.1527(e)(1) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled.").

Plaintiff relies heavily on the fact that she had a long history of treatment with Dr. McClelland. (Doc. 9 at 10-12). While that is true and important, it simply is not sufficient in this instance. Many of Plaintiff's references in her brief in support of her argument are cites to her subjective assessment of her situation and not medical tests or assessments. (*See e.g.* Doc. 9 at 11 (citing R. 260-389; 448-89; 490-564; 565-578; 579-611; 6180625; 633-638) listing her complaints of and treatment for pain and depression).[5] Plaintiff argues that the ALJ is

---

[5] Plaintiff provided specific examples as well:

For example, treatment notes form December 5, 2013 document the Plaintiff's report of back pain which was increased with standing and she was unable to stand for more than 30 minutes and her legs get weak and buckle. (R.262, emphasis added). The Plaintiff's pain was described as severe. (R.453, emphasis added). On January 26, 2015 it was noted that the Plaintiff has chronic neck and

16

disregarding the other opinions of Dr. McClelland based on his narrow interpretation of Dr. McClelland's December 2, 2015 treatment note. (Doc. 9 at 12). That is not a fair assessment of the ALJ's decision. It is not based solely on the December 2, 2015, treatment notes, but upon a full review of all the medical records. Additionally, the form itself demonstrates that the reported opinions, at least in part, were simply Plaintiff's reports to Dr. McClelland about what she could do. (*See* R. 637 (noting that "pt reports" severely-limited standing and walking abilities)).

In sum, the court finds that while the record documents Plaintiff's complaints of chronic back pain, it also supports the ALJ's finding that Plaintiff is not as limited as she alleges and his RFC determination that she can perform light work with various limitations. Plaintiff's challenges do not adequately refute the ALJ's determination that she is not disabled.

## VI. CONCLUSION

For the reasons set forth above, the undersigned concludes that the decision of the Commissioner is due to be affirmed. An appropriate order will be entered

---

back pain which stop her from doing activities except in short bursts. (R.591). Records from October 2015 show the Plaintiff's back pain was "<u>increasingly disabling her</u>." (R.619 emphasis added).

(Doc. 9 at 11-12).

separately.

**DONE,** this the 30th day of July, 2018.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge